IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIESEL BARBERSHOP, LLC; | § | |
| WILDERNESS OAKS CUTTERS, LLC; | § | |
| DIESEL BARBERSHOP BANDERA OAKS, | § | |
| LLC; DIESEL BARBERSHOP DOMINION, | § | |
| LLC; DIESEL BARBERSHOP | § | |
| ALAMO RANCH, LLC; AND HENLEY'S | § | |
| GENTLEMEN'S GROOMING, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:20-cv-461-DAE |
| | § | Jury |
| STATE FARM LLOYDS | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' UNOPPOSED SECOND AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, DIESEL BARBERSHOP, LLC; WILDERNESS OAK CUTTERS, LLC; DIESEL BARBERSHOP BANDERA OAKS, LLC; DIESEL BARBERSHOP DOMINION, LLC; DIESEL BARBERSHOP ALAMO RANCH, LLC; AND HENLEY'S GENTLEMEN'S GROOMING, LLC, and file this Unopposed Second Amended Original Petition against STATE FARM LLOYDS, ("State Farm") and in support thereof, would show as follows:

**I.**

1.      Plaintiffs file this Amended Petition within 21 days of serving Defendant with the Original Petition. Defendant has made an appearance in this case.

**II.**
**DISCOVERY CONTROL PLAN LEVEL**

2.      Discovery will be conducted according to the Federal Rules of Civil Procedure, local rules,

and any scheduling order of the Court.

### III.
### PARTIES AND SERVICE

3.     Plaintiffs are doing business in Bexar County, Texas.

State Farm is in the business of insurance in the State of Texas. The insurance business

done by State Farm in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

4.     Defendant **State Farm Lloyds** has made an appearance in this lawsuit.

### IV.
### JURISDICTION AND VENUE

5.     Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise

to the causes of action were committed in Bexar County, Texas and Plaintiff and the Properties

which is the subject of this suit are located in Bexar County, Texas. Accordingly, venue is proper

pursuant to Texas Civil Practice & Remedies Code §15.002.

### V.
### BACKGROUND FACTS

6.     Plaintiffs are the owners of multiple Insurance Policies (hereinafter referred to as "the

Policies"), for which they paid significant premiums to cover their businesses. Plaintiffs own the

insured properties which are located at the following addresses:

1.  11255 Huebner Road, San Antonio, Texas 78230;

2. 20711 Wilderness Oak, Suite 110, San Antonio, Texas 78258;
3. 11398 Bandera Road, Suite 205, San Antonio, Texas 78250;
4. 22015 W LH 10, Suite 205, San Antonio, Texas 78257;
5. 5535 W Loop 1604 N, Suite 106, San Antonio, Texas 78253; and
6. 14510 NW Military HWY, Suite 103, Shavano Park, Texas 78231.

(hereinafter referred to as "the Properties"). State Farm sold the Policies insuring the Properties to Plaintiffs. The Declarations pages for the Policies and the "Sample" policy provided to Plaintiffs are attached hereto as Exhibit A. The Policies are all-risk policies and have been continuously in full force and effect since inception, providing coverage for property, business personal property, business income, extra expense and additional coverages including Civil Authority.

7.      During the terms of said Policies, Plaintiffs have sustained and will sustain covered losses during the Covid-19 outbreak and subsequent Bexar County and State of Texas Orders (hereinafter the "Orders"), attached hereto as Exhibits B and C, and Plaintiffs reported same to State Farm pursuant to the terms of the Policies. Plaintiffs asked that State Farm cover the cost for business interruption to the Properties pursuant to the Policies. State Farm assigned Kelsey Reehl to adjust the claims and investigate the losses related to business interruption; however, the claims have been wrongfully denied. To date, State Farm has mishandled Plaintiffs' claims and caused and will continue to cause Plaintiffs further and additional damages.

8.      The World Health Organization ("WHO") identified the disease caused by the 2019 Novel Coronavirus as "COVID-19" on February 11, 2020. On March 11, WHO characterized COVID-19 as a pandemic. WHO saw "alarming levels of spread and severity, and by the alarming levels of inaction." WHO representatives stated, "[W]e have never before seen a pandemic sparked by a coronavirus. This is the first pandemic caused by a coronavirus. And we have never before seen a pandemic that can be controlled, at the same time." The Center for Disease Control ("CDC") has stated that a "pandemic is a global outbreak of disease. Pandemics happen when a new virus emerges

to infect people and can spread between people sustainably. Because there is little to no pre-existing immunity against the new virus, it spreads worldwide."

9.      Plaintiffs are in the barbershop business. On March 23, 2020, Nelson Wolff, Bexar County Judge, issued an executive order closing all businesses unless "exempted" beginning on March 24th and ending April 9th. *See* Exhibit B. Plaintiffs' businesses were not exempted. *Id.* On March 31, 2020, the State of Texas Governor Greg Abbott signed an executive order closing all "non-essential" businesses beginning April 2nd through April 30th of 2020. *See* Exhibit C. Plaintiffs' businesses are not considered "essential" by Governor Abbott's order. *Id.* Plaintiffs were beginning to lose business income even before March 24, 2020 because of peoples' fear of Covid-19.

10.     The described purposes of the Orders are to protect the "health, safety and welfare" of Bexar County and Texas residents, and to slow the spread of Covid-19 by "minimizing social gatherings" and "minimize in-person contact." *See* Exhibits B and C. According to the Texas Department of Health and Human Services, Covid-19 has been and continues to be present in Bexar County.

11.     Beginning on March 24, 2020, Plaintiffs could no longer open and conduct business and began losing business income. Plaintiffs submitted their claims to State Farm, and it denied the claims the same day without conducting an investigation. After several days of paying their employees despite the businesses' closures, Plaintiffs had to furlough their employees. The pandemic and health care crises has resulted in the Plaintiffs suffering a physical loss of the insured Properties, and alternatively damage to the insured Properties and suspension of their businesses that are covered under the business Income Loss provisions of the Policies. Alternatively, coverage is available under Civil Authority coverage under the Policies.

**A.      Coverage for Business Income**

12.      Plaintiffs' Policies under "Covered Causes of Loss" insure for "accidental direct physical

loss to Covered Property" unless the loss is excluded or limited. *See* Exhibit A, p. 5. Further,

Plaintiffs' Policies provide coverage for Loss of Income and Extra Expense in Endorsement CMP-

4705.2 as follows:

> We will pay for the actual "Loss Of Income" you sustain due to the necessary
> "suspension" of your "operations" during the "period of restoration". The
> "suspension" must be caused by accidental direct physical loss to property at the
> described premises. The loss must be caused by a Covered Cause Of Loss.

*Id.* at CMP-4705.2 p. 1. Plaintiffs suffered lost income when the Orders closed the businesses, and

on information and belief Plaintiffs will continue to suffer lost income even after the Orders are

lifted due to fear of Covid-19. The proliferation of the virus, consumer fear of the virus, and the

stay at home orders have caused Plaintiff physical loss to the property and loss of business income

and are not specifically excluded by the Policy. Plaintiffs' businesses have been transformed by

external events, not specifically excluded, from sustainable, revenue generating operations to the

unsatisfactory state of closure. The presence of the virus all over Bexar County alone triggers

coverage because it renders the Properties unsafe or makes them unusable for their intended

purpose.

**B.      Coverage for Civil Authority**

13.      Plaintiffs' Policies also provide additional coverage for Civil Authority:

> When a *Covered Cause Of Loss* causes damage to property other than property at
> the described premises, we will pay for the actual "Loss Of Income" you sustain
> and necessary "Extra Expense" caused by action of civil authority that prohibits
> access to the described premises, provided that both of the following apply:
>
> **(1)** Access to the area immediately surrounding the damaged property is pro-
> hibited by civil authority as a result of the damage, and the described prem-
> ises are within that area but are not more than one mile from the damaged
> property; and
>
> **(2)** The action of civil authority is taken in response to dangerous physical condi-
> tions resulting from the damage or continuation of the Covered Cause Of

Loss that caused the damage, or the action is taken to enable a civil authori-
ty to have unimpeded access to the damaged property.

*Id.* at p. 2 (emphasis added). The Orders are clearly acts of Civil Authority which have caused Plaintiffs loss of income as described above. The Orders, along with their stated purposes, qualify as a Covered Cause of Loss under the Policies, especially given that longstanding Texas precedent holds "physical loss" can occur without actual physical damage to a property.

**C.    State Farm's Wrongful Denial**

14.    State Farm made no request to Plaintiffs for documents or information relating to the claim, and it denied Plaintiffs' claims on the same day the claims were presented meaning it could not have done a proper or thorough investigation or have any evidence any exclusions applied.

15.    State Farm's denial was based, in part, on a lack of "physical damage." *See* Exhibit D[1]. But the Policies do not require a loss caused by physical "damage" only physical "loss."  State Farm is attempting to rewrite the policy claiming only a physical damage or actual change to the property is covered and would permit coverage for business income loss. At the very least, Plaintiffs suffered a physical loss of the covered property as a result of fear and actions taken to limit the impact of the pandemic on the health, safety and welfare of Bexar County citizens. Further, Plaintiffs clearly suffered physical loss to Covered Property because they are unable to operate.

16.     State Farm relies on the exclusion for "Fungi, Virus or Bacteria Growth" as a basis for denial, but contrary to its assertion, this is not a pandemic exclusion. *See* Exhibit D. State Farm ignores the fact that the exclusion states that it applies only where a virus, that is a microorganism, is the fully realized and actual cause of the loss. It does not state that it applies

---

[1] All of Plaintiffs' denial letters are identical.

to a loss caused by fear or the need to prevent against the threat of viral transmission.

17.     State Farm also relies on "Ordinance or Law" and "Consequential Loss" exclusions for its denial. *Id.* These exclusions, if applicable, would never allow for coverage for loss of income due to pandemic or Civil Authority and are thus ambiguous as a matter of law.

18.     The exclusions for "Fungi, Virus or Bacteria Growth," "Ordinance or Law" and "Consequential Loss" (collectively the "Exclusions") have no application to Plaintiffs' claims in light of their plain language. Alternatively, the exclusions are ambiguous and must be construed in the light most favorable to Plaintiffs.

19.     State Farm failed to give proper, advance notice and disclosure of the Exclusions and is thus barred from reliance upon them.

20.     On information and belief, State Farm is barred from relying on the Exclusions as a result of regulatory and/or administrative estoppel.

21.     Alternatively, the Exclusions as interpreted by State Farm are unconscionable and/or contrary to public policy and cannot be enforced as written.

22.     State Farm made material misrepresentations about Policies' provisions, coverage and the law in Texas applying thereto with regard to Plaintiffs' Loss of Income and Civil Authority additional coverages.

23.     State Farm considered only its own interests, proceeded only according to its one-sided and self-serving interpretation of the Policies, and attempted to conceal from Plaintiffs that State Farm made no effort to consider their interests. State Farm pre-textually looked only for ways to avoid coverage rather than first trying to find coverage.

24.     State Farm wrongfully denied Plaintiffs' claims for business interruption even though the Policies provide coverage for losses such as those suffered by Plaintiffs. Furthermore, State Farm

engaged its agents to misrepresent Policies provisions and coverage. To date, State Farm continues to deny the payment for Plaintiffs' loss of business.

## VI.
## CAUSES OF ACTION

### A.     BREACH OF CONTRACT

25.     Plaintiffs re-allege the foregoing paragraphs. State Farm and its agents' conduct constitutes a breach of the insurance contracts between it and Plaintiffs. State Farm's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policies in question pursuant to the additional coverages of Loss of Income and Civil Authority, and under the laws of the State of Texas, constitutes a breach of the insurance contracts with Plaintiffs.

26.     State Farm failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policies pursuant to the additional coverages of Loss of Income and Civil Authority. Specifically, State Farm wrongfully denied coverage and refused to offer the full proceeds of the Policies, although due demand was made for proceeds to be paid in an amount sufficient to cover Plaintiffs' business loss, and all conditions precedent to recovery under the Policies have been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contracts between it and Plaintiffs.

### B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE

#### 1.     UNFAIR SETTLEMENT PRACTICES

27.     Plaintiffs re-allege the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. State Farm violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

### § 541.061.  Misrepresentation of Insurance Policies.

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

As alleged above, State Farm misrepresented to Plaintiffs that the Policies required actual damage to their Properties in order for them to have coverage for Business Income. In the same letter, State Farm also misrepresented that the Policies' virus exclusion (along with others) applied when the virus must be present in order for the exclusion to apply. These statements are not only false, they are incongruous.

### 2.      THE PROMPT PAYMENT OF CLAIMS

28.      Plaintiffs re-allege the foregoing paragraphs. State Farm's conduct constitutes and will continue to constitute multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

29.      State Farm failed to meet its obligations under the Texas Insurance Code regarding timely beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the statutorily mandated time of receiving notice of Plaintiffs' claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

30.      Further, State Farm failed to accept or deny Plaintiffs' full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

31.      State Farm failed and will fail to timely pay Plaintiffs' claim, and for all of the covered

losses due to its wrongful denial of the policy benefits.  TEX. INS. CODE §542.057.

32.     State Farm failed and will fail to meet its obligations under the Texas Insurance Code regarding payment of claims without delay due to its wrongful denial. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

33.     Because of State Farm's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

**C.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

34.     Plaintiffs re-allege the foregoing paragraphs. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

35.     From and after the time Plaintiffs' loss was presented to State Farm, its liability to pay the full claim in accordance with the terms of the Policies was reasonably clear. However, it has refused to pay Plaintiffs in full and wrongfully denied the claim, despite there being no basis upon which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

36.     Further, State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VII.**
**KNOWLEDGE**

37.     Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs'

damages described herein.

## VIII.
## DAMAGES

38.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by and will be sustained by Plaintiffs.

39.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

40.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policies but for the wrongful denial, court costs, consequential damages not covered by Plaintiffs' Policies and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

41.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

42.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

43.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

## IX.

44.     In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiffs would show that:

45.     The clear and unambiguous language of the policies provides coverage for business interruption and other losses to the Properties caused by losses made the basis of Plaintiffs' claims;

46.     In the alternative, any other construction of the language of the policies are void as against public policy;

47.     Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

48.     Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

49.     In the alternative, should the Court find any ambiguity in the policies, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

50.     In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policies coverage at issue;

51.     In the alternative, to the extent that the wording of such policies do not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

## X.

52.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. Plaintiffs plead that the amount in controversy exceeds $75,000.00, excluding

interest and costs. Plaintiffs further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Defendant, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By:_____

SHANNON E. LOYD
 "Attorney in Charge"
State Bar No. 24045706
THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
(210) 775-1424
Fax (210) 775-1410
Email: shannon@theloydlawfirm.com

**ATTORNEY FOR PLAINTIFFS**

**PLAINTIFFS REQUEST A TRIAL BY JURY**

**<u>CERTIFICATE OF CONFERENCE</u>**

Plaintiffs' counsel conferred with counsel for Defendant State Farm, and counsel is unopposed to Plaintiffs' Second Amended Petition.

_____
SHANNON E. LOYD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Plaintiff's Unopposed Second Amended Original Petition* was served on the attorney in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this 6th day of May, 2020 to:

W. Neil Rambin
State Bar No.: 16492800
Susan E. Egeland
State Bar No.: 24040854
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Tel: (469) 357-2533
Fax: (469) 327-0860
Email:       rambindocket@faegredrinker.com
             susan.egeland@faegredrinker.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
STATE FARM LLOYDS**

_____
SHANNON E. LOYD