**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DIESEL BARBERSHOP, LLC; | § | |
| WILDERNESS OAKS CUTTERS, LLC; | § | |
| DIESEL BARBERSHOP BANDERA OAKS, | § | |
| LLC; DIESEL BARBERSHOP DOMINION, | § | |
| LLC; DIESEL BARBERSHOP ALAMO | § | |
| RANCH, LLC; and HENLEY'S | § | **CIVIL ACTION NO.: 5:20-cv-00461** |
| GENTLEMEN'S GROOMING, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

1.      Defendant State Farm Lloyds ("State Farm") respectfully submits this notice of supplemental authority bearing on issues raised in its Motion to Dismiss [ECF No. 9]. The attached decision was issued after the submission of State Farm's reply brief on May 29, 2020.

2.      On July 1, 2020, a Michigan Business Court Judge sitting in the Ingham County Circuit Court dismissed, as a matter of law, substantially similar claims brought by an insured restaurant seeking to recover for losses allegedly incurred as a result of government stay-at-home orders issued in response to the COVID-19 virus. *See Gavrilides Mgmt. Co. LLC v. Michigan Ins. Co.*, Case No. 20-258-CB-C30 (Mich. Cir. Ct., Ingham Cty., July 1, 2020), Transcript at 18-23 (attached as Ex. A). The court held that the virus exclusion in the insured's policy – which states that "the company will not pay for loss or damages caused by or resulting from any virus, bacteria or other microorganism that induces or [is] capable of inducing physical distress, illness, or disease" (Tr. at 10) – was not vague and barred coverage. *Id.* at 20-22.

3.      The court also dismissed the insured's claims because of the insured's failure to

1

**Defendant's Notice of Supplemental Authority**

establish the requisite "accidental direct physical loss" to covered property. In *Gavrilides*, the plaintiff insured similarly alleged that there was no evidence of COVID-19 on the covered properties, but instead argued that its restaurants were damaged during the pendency of the government orders because people were physically restricted from dine-in services. (Tr. at 20, 23.) The court said that argument was "simply nonsense," and dismissed the plaintiff's claims, finding that under Michigan law—like Texas law—direct physical loss must take a tangible form and alter the physical integrity of the property. *Id.* The court stated that the plaintiff was "complaining about the loss of access or use of the premise[s] due to executive orders and the Covid-19 virus crisis." *Id.* at 23. The court held "that those things do not constitute the direct physical damage or injury that's required under the policy as I've outlined." *Id.*

2

**Defendant's Notice of Supplemental Authority**

Respectfully submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
rambindocket@faegredrinker.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

OF COUNSEL:
DOUGLAS W. DUNHAM
BERT L. WOLFF
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500 (Telephone)
(212) 698-3599 (Fax)
douglas.dunham@dechert.com
bert.wolff@dechert.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND

**Defendant's Notice of Supplemental Authority**

3